UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Arthur Dale Senty-Haugen, Russell John Hatton, and Brandon Keith Benson, | Case No. 14-cv-3405 (JNE/DJF) |
| Plaintiffs, | **ORDER** |
| v. | |
| Lucinda Jesson, Nancy Johnston, Dennis Benson, Kevin Moser, Terry Kneisel, Roy Basaraba, Ann Zimmerman, Steve Sayovitz, Juliana Beavens, Kevin Carlson, Rob Rose, Brian S. Ninneman, Sue Johnson, Sara Kulas, Jannine Hebert, Peter Puffer, Janel Lindgren, Yvette Anderson, Allison Collins, Angie Ottum, Kent Johanson, Gemma Watson, Troy Swartout, Darien Menten, Scott Benoit, Thane Murphy, Laurie Severson, Brandon Tatum, Gene Anderson, Ken Stewart, and Nicki Marvel, in their individual and official capacities, | |
| Defendants. | |

Plaintiffs Arthur Dale Senty-Haugen, Russell John Hatton, and Brandon Keith Benson commenced this action in 2014. At the time of filing, all three plaintiffs were detainees in the Minnesota Sex Offender Program ("MSOP"). Broadly speaking, this lawsuit concerns the legality of conditions at MSOP at the time this action was filed. Although it is more than eight years old practically nothing has happened in this matter, because very shortly after plaintiffs filed their Complaint (ECF No. 1), the Court entered a stay of all proceedings pending adjudication of *Karsjens v. Minnesota Department of Human Services*, No. 11-CV-3659-DWF-TNL (*see* ECF No. 9). The Court only recently lifted the stay in October 2022 (*see* ECF No. 32). Until then, this matter remained frozen in its early procedural posture: Each of the three plaintiffs had applied for

1

*in forma pauperis* ("IFP") status, with the Court unable to order service of process upon the defendants until it granted the IFP applications following a substantive preservice review of the Complaint. *See* 28 U.S.C. § 1915(e)(2)(B).

While all three plaintiffs were civil detainees at an MSOP facility when they filed the Complaint, Mr. Senty-Haugen and Mr. Benson also had criminal charges pending in Minnesota state courts. *See State v. Senty-Haugen*, Case No. 09-CR-13-591 (Minn. Dist. Ct.); *State v. Benson*, No. 09-CR-14-1159 (Minn. Dist. Ct.). Currently, Mr. Hatton and Mr. Benson are still detained at MSOP. Mr. Senty-Haugen, however, is now a federal prisoner residing at a facility in California, having pled guilty to one count of conspiracy to defraud the United States. *See United States v. Senty-Haugen*, 773 F. App'x 854, 854 (8th Cir. 2019) (per curiam).

As a threshold matter, the Court first considers whether any of the plaintiffs are "prisoners" for purposes of the Prisoner Litigation Reform Act ("PLRA"). The PLRA requires "prisoners" to pay the entirety of this Court's $350.00 filing fee in installments, *see* 28 U.S.C. § 1915(b). A "prisoner" for purposes of the PLRA is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Id.* at § 1915(h). To determine whether an individual is a prisoner, courts look to the "individual's status at the time the civil action is filed or appealed." *Williams v. Scalleta*, 11 F. App'x 677, 678 (8th Cir. 2001) (per curiam). Under this precedent, Mr. Senty-Haugen's status under the PLRA is not dictated by his current status as a federal prisoner.

Moreover, the fact that all three plaintiffs were detained at the MSOP at the time of filing based on civil commitments does not make them "prisoners" under the PLRA. *See, e.g.*, *Perkins v. Hendricks*, 340 F.3d 582, 583 (8th Cir. 2003) (per curiam) (stating that "persons detained civilly

for non-punitive purposes [are] not 'prisoner[s]' within the meaning of the PLRA") (citing *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000)).

Finally, the Court considers whether the fact that Mr. Senty-Haugen and Mr. Benson were facing criminal charges at the time of filing makes them "prisoners" for purposes of the PLRA because they were "persons … detained in any facility" when they were "accused of … violations of criminal law[.]" 28 U.S.C. § 1915(h). Courts have repeatedly rejected this literal interpretation of section 1915(h), however, because it would define as "prisoners" people who are currently detained for any reason whatsoever but who have at any point in the past been "accused of, convicted of, or sentenced for a criminal offense." *Page*, 201 F.3d at 1139; *see also, e.g., Jones v. Cuomo*, 2 F.4th 22, 25-26 (2d Cir. 2021). Since almost all civil detainees at the MSOP were at some point convicted of a criminal violation, this broad literal reading of section 1915(h) would significantly undermine—if not negate—the rule established in *Perkins* that civil detainees detained for nonpunitive purposes are not prisoners under the PLRA. 340 F.3d at 583. Instead, courts have found that a civil detainee is not a prisoner unless his detention arises "*as a result of*" an accusation, conviction or sentence for a criminal offense. *See Jones*, 2 F.4th at 25 (A 'prisoner' under the PLRA "must be *currently detained as a result of* an accusation, conviction, or sentence for a criminal offense.") (emphasis in original) (quotation omitted); *see also, e.g.*, *Page*, 201 F.3d at 1139-40 ("the natural reading of the text is that, to fall within the definition of 'prisoner' the individual in question must be currently detained as a result of accusation, conviction or sentence for a criminal offense"); *Peterson v. Heinen*, 18-cv-2640-DWF-ECW, 2022 WL 891603, at *10 (D. Minn. March 25, 2022) (holding that an individual civilly detained with a pending state court criminal action was not a prisoner for purposes of the PLRA).

3

Here, Mr. Senty-Haugen's criminal record establishes that his confinement at MSOP did not result from the pending criminal charges against him. He was at MSOP when he filed the Complaint after having been released on bond in the pending criminal case, and the Minnesota courts explicitly held that he was not entitled to any jail time credits for the time he spent at MSOP prior to his guilty plea. *See State v. Senty-Haugen*, Case No. 09-CR-13-591 (Minn. Dist. Ct.)*; State of Minnesota v. Senty-Haugen*, 2016 WL 952504, at *1, *4-*5 (Minn. Ct. App. March 16, 2016). The record is therefore clear that the criminal court did not direct that Mr. Senty-Haugen be confined at MSOP for pretrial criminal detention. Mr. Benson's record similarly reflects that he had bonded out of jail into MSOP custody at the time of filing of the Complaint*, see State v. Benson*, No. 09-CR-14-1159 (Minn. Dist. Ct.), and his MSOP commitment appears to be wholly unrelated to the criminal charges pending against him at the time of filing, *see Senty-Haugen*, 2016 WL 952504, at *4-*5. Based on these records the Court finds that Mr. Senty-Haugen and Mr. Benson were not detained at MSOP as a result of the pending criminal charges, and therefore, none of the plaintiffs is a "prisoner" for purposes of the PLRA.

Mr. Senty-Haugen's transfer to federal prison creates a practical problem for both the plaintiffs and the Court, however. Regardless of whether the plaintiffs' claims and the factual allegations upon which they premise their claims are sufficiently related to permit joinder of the plaintiffs under Rule 20(a)(1) of the Federal Rules of Civil Procedure, it is difficult to see how the plaintiffs—who are not represented by counsel—can continue to prosecute this lawsuit jointly. One pro se litigant cannot litigate on behalf other pro se litigants, because "[a] nonlawyer can't handle a case on behalf of anyone except himself." *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) (citing 28 U.S.C. § 1654). When a party files a motion or other document on behalf of more than one pro se litigant, Rule 11(a) requires *each* of those pro se

4

litigants to sign the document. *See, e.g., Sitts v. Weaver*, No. 9:20-cv-1474-GTS-DJS, 2021 WL 51411, at *3 (N.D.N.Y. Jan. 6, 2021). And, of course, before signing the document filed with the Court, the litigants must ultimately agree upon what to write—a difficult process when the litigants are split between detention facilities and unable to communicate easily with one another.

Perhaps sensing this problem, Mr. Benson filed a motion to sever himself from this lawsuit in order to pursue his claims for relief separate from the other two litigants (*see* ECF No. 27). Mr. Benson also filed a motion to file a second amended complaint that would, unlike the initial pleading and subsequent Amended Complaint (ECF No. 10), raise claims relating only to himself, and not to Mr. Senty-Haugen or Mr. Hatton (*see* ECF No. 28).

Under ordinary circumstances, Mr. Benson's request for severance would be unnecessary because he could voluntarily dismiss himself from this action and immediately commence a new lawsuit stating claims for relief specific to himself. However, because the events and occurrences underlying Mr. Benson's claim occurred in 2014 at the very latest, when plaintiffs filed this action, any new lawsuit Mr. Benson initiates today relating to those events and occurrences would almost certainly be untimely. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 618 n.3 (8th Cir. 1995) (noting the six-year statute of limitations for claims under 42 U.S.C. § 1983). Mr. Benson would bear little of the blame for this untimeliness since the *Karsjen* stay is the only reason he was unable to litigate these claims years ago. But severance—as opposed to voluntarily dismissal—would permit Mr. Benson an opportunity to continue prosecuting this matter by filing a second amended complaint tailored to his particular circumstances and claims. *See Strandlund v. Hawley*, 532 F.3d 741, 745-46 (8th Cir. 2008). And as explained above, because Mr. Senty-Haugen is detained at a different facility, it is hard to see how Mr. Benson could continue prosecuting this action if he did *not* sever his claims.

5

Accordingly, the Court will grant Mr. Benson's motion to sever, *see Gonzales v. Allstate Vehicle and Property Ins. Co.*, No. 6:17-cv-58-RP-JCM, 2017 WL 4678238, at *1-2 (W.D. Tex. Oct. 17, 2017) (explaining that a motion to sever is non-dispositive), and directs the Clerk of Court to initiate a new proceeding naming Mr. Benson as sole plaintiff.  The Amended Complaint (ECF No. 10) remains the operative pleading in that matter and shall commence that separate proceeding, though the Court grants Mr. Benson's request for leave to file a second amended complaint by no later than January 9, 2023.  Only the Amended Complaint (ECF No. 10) and this Order should be docketed initially in the new proceeding.  The Court cautions Mr. Benson that his forthcoming amended pleading, once filed, will remain subject to substantive review pursuant to § 1915(e)(2)(B).  Finally, the Court will grant Mr. Benson's application to proceed IFP, though service of process will not occur until Mr. Benson files his second amended complaint (or until the deadline for filing the second amended complaint imposed by this order expires).

This leaves Mr. Senty-Haugen and Mr. Hatton as plaintiffs to this action.  Mr. Benson's severance from this action does not alone solve the practical problems discussed above, since Mr. Senty-Haugen and Mr. Hatton remain at separate facilities.  Nevertheless, neither litigant has requested severance or provided any indication that he intends to file an amended pleading stating claims particular to himself, and the Court will not sever the remaining plaintiffs *sua sponte*.  The Court grants Mr. Senty-Haugen and Mr. Hatton's IFP applications, and orders service of process upon defendants pursuant to 28 U.S.C. § 1915(d).  For the time being, Mr, Senty-Haugen and Mr. Hatton will have to find a way to prosecute this case together.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

6

1. The applications to proceed *in forma pauperis* of plaintiffs Arthur Dale Senty-Haugen, Russell John Hatton, and Brandon Keith Benson (ECF Nos. [2, 7, & 8]) are **GRANTED**.

2. Mr. Benson's motion to sever (ECF No. [28]) is **GRANTED**. The Court directs the Clerk of Court to commence a new civil proceeding naming Mr. Benson as the sole plaintiff. The Amended Complaint (ECF No. [10]) will commence that proceeding and remains the operative pleading in that action. This Order shall also be docketed in that proceeding.

3. Mr. Benson's motion to amend (ECF No. [27]) is **GRANTED**. Mr. Benson must file his second amended complaint in the new proceeding no later than January 9, 2023.

4. Mr. Senty-Haugen and Mr. Hatton must submit a properly completed Marshal Service Form (Form USM-285) for each defendant. If Mr. Senty-Haugen and Mr. Hatton do not complete and return the Marshal Service Forms within 30 days of this Order, the Court will recommend dismissal of this matter without prejudice for failure to prosecute. The Court shall provide Marshal Service Forms to Mr. Senty-Haugen and Mr. Hatton. Mr. Senty-Haugen and Mr. Hatton need not submit separate Marshal Service forms; one form for each defendant will be sufficient.

5. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from each of the defendants in their personal capacities, consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

6. If a defendant fails without good cause to sign and return a waiver within 30 days of the date the waiver is mailed, the Court will impose the expenses later incurred

in effecting service of process upon that defendant. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

7. The U.S. Marshals Service is directed to effect service of process on defendants in their official capacities as agents of the State of Minnesota consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

Dated: December 9, 2022          *s/ Dulce J. Foster*
                                 Dulce J. Foster
                                 United States Magistrate Judge