## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Arthur Dale Senty-Haugen and Russell John Hatton, | Case No. 14-cv-3405 (JNE/DJF) |
| Plaintiffs, | |
| v. | ORDER ON MOTION TO SEVER AND FOR LEAVE TO AMEND COMPLAINT |
| Lucinda Jesson, et al, | |
| Defendants. | |

This matter is before the Court on Plaintiff Arthur Senty-Haugen's Motion to Sever and for Leave to Amend the Complaint (ECF No. 48). In its December 9, 2022 Order (ECF No. 34), the Court granted Mr. Senty-Haugen, Mr. Brandon Benson, and Mr. Russell Hatton's IFP Applications (*see* ECF Nos. 2, 7 & 8), and further granted Mr. Benson's motions to sever and for leave to amend (ECF Nos. 27, 28). Mr. Benson is located at the Moose Lake Minnesota Sex Offender Facility ("MSOP") where Mr. Hatton also resides (*see* ECF No. 34), but Mr. Senty-Haugen is currently in federal prison in California (*see* ECF No. 48).

In granting Mr. Benson's motion to sever, the Court noted the difficulties inherent in Mr. Benson and Mr. Hatton proceeding jointly in this litigation with Mr. Senty-Haugen. As the Court explained, "one pro se litigant cannot litigate on behalf of other pro se litigants, because '[a] nonlawyer can't handle a case on behalf of anyone except himself.'" (ECF No. 34 at 4) (quoting *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013)). As such, the three would not only have to agree on the same strategy with respect to any document filed in this action, but each party would have to sign the same document filed with the Court—a difficult proposition when the three are detained in two separate facilities. (*Id.* at 4–5.)

1

The Court further explained that under normal circumstances, Mr. Benson's motions to sever and for leave to amend would have been unnecessary, since he could just voluntarily dismiss himself from this lawsuit and file a new action with his amended complaint (ECF No. 34 at 5). But here, because this action was stayed for over six years pending the outcome of the *Karsjens* litigation (*id.* at 1) (citing *Karsjens v. Minnesota Department of Human Services*, No. 11-cv-3659-DWF-TNL), if Mr. Benson took that approach, the six-year Minnesota personal injury statute of limitations would have barred many if not all his section 1983 claims. (*Id.* at 5.)  Since dismissing and refiling this action are not an option, and it would be difficult if not impossible for Mr. Benson to continue this litigation jointly with Mr. Senty-Haugen detained out of state, the Court granted Mr. Benson's motions, leaving Mr. Senty-Haugen and Mr. Hatton as the remaining plaintiffs in this case. (*Id.* at 5–6.)

Now Mr. Senty-Haugen seeks to sever his claims from those of Mr. Hatton and to file an amended complaint in that separate proceeding. The same logic applies to Mr. Senty-Haugen's motions for severance and for leave to amend.  He and Mr. Hatton are detained in different facilities in different states, such that they cannot litigate this case together, and if he voluntarily dismissed his action and refiled it, some if not all his section 1983 claims would be time-barred. Accordingly, the Court will grant Mr. Senty-Haugen's motion to sever, *see Gonzales v. Allstate Vehicle and Property Ins. Co.*, No. 6:17-cv-58-RP-JCM, 2017 WL 4678238, at *1–2 (W.D. Tex. Oct. 17, 2017) (explaining that a motion to sever is non-dispositive), and directs the Clerk of Court to initiate a new proceeding naming Mr. Senty-Haugen as sole plaintiff.  The Amended Complaint (ECF No. 10) will be the operative pleading in the new matter and shall commence that separate proceeding, though the Court also grants Mr. Senty-Haugen's request for leave to file a second amended complaint by no later than February 2, 2022.  Only the Amended Complaint (ECF No.

10) and this Order should be docketed initially in the new proceeding. The Court cautions Mr. Senty-Haugen that his forthcoming amended pleading, once filed, will remain subject to substantive review pursuant to section 1915(e)(2)(B).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Mr. Senty-Haugen's motion to sever (ECF No. [48]) is **GRANTED**. The Court directs the Clerk of Court to commence a new civil proceeding naming Mr. Senty-Haugen as the sole plaintiff. The Amended Complaint (ECF No. [10]) will commence that proceeding and remains the operative pleading in that action. This Order shall also be docketed in that proceeding.

2. Mr. Senty-Haugen's motion for leave to amend (ECF No. [48]) is **GRANTED**. Mr. Senty-Haugen must file his second amended complaint in the new proceeding on or before **February 2, 2023**.

Dated: January 6, 2023

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge