UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Russel John Hatton,   Case No. 14-cv-3405 (JNE/DJF)

        Plaintiff,

v.   **REPORT AND RECOMMENDATION**

Lucinda Jesson et al.,

        Defendants.

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint ("Motion") (ECF No. 62). Defense counsel has appeared on behalf of all Defendants in their official capacities (ECF No. 41), and all but five Defendants in their personal capacities (ECF No. 61). The five unrepresented Defendants are: Yevette Anderson, Angie Ottum, Gene Anderson, Brandon Tatum, and Troy Basaraba, who is deceased ("Unrepresented Defendants"). (*See id.* at 1 n.1.) The Court construes Defendants' Motion as seeking dismissal on behalf of all Defendants except the Unrepresented Defendants in their personal capacities. The Motion seeks to dismiss the entirety of Plaintiff's Amended Complaint (*see generally* ECF No. 64) on grounds of claim and issue preclusion and failure to satisfy the pleading requirements of Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons given below, the Court recommends dismissing this action without prejudice as to the Unrepresented Defendants in their personal capacities on the ground that service of process on those Defendants has not been established. The Court further recommends dismissing this action against all remaining Defendants with prejudice for the reasons set forth below.

1

I. Background

Plaintiff Russell John Hatton is a Minnesota Sex Offender Program ("MSOP") detainee. He initially filed this action in 2014 with two co-plaintiffs challenging the legality of a myriad of MSOP policies and practices (*see* ECF No. 1). The Chief District Judge stayed this case shortly thereafter (ECF No. 4), pending the outcome of a class action lawsuit challenging the legality of MSOP detention and its practices. *See Karsjens v. Harpstead*, 11-cv-3659 ("*Karsjens*") (ECF No. 203) (defining the *Karsjens* class to include "[a]ll patients currently civilly committed in the [MSOP] pursuant to Minn. Stat. § 253B").

A. The *Karsjens* Litigation History

The operative complaint in *Karsjens* included the following thirteen claims: (1) the Minnesota Commitment and Treatment Act ("MCTA") is facially unconstitutional; (2) the MCTA is unconstitutional as applied; (3) failure to provide treatment in violation of the Fourteenth Amendment to the U.S. Constitution and the Minnesota Constitution; (4) failure to provide treatment in violation of the MCTA; (5) denial of the right to be free from punishment under the Fourteenth Amendment to the U.S. Constitution and the Minnesota Constitution; (6) denial of the right to less restrictive alternative confinement under the Fourteenth Amendment to the U.S. Constitution and the Minnesota Constitution; (7) denial of the right to be free from inhumane treatment under the Fourteenth Amendment to the U.S. Constitution and the Minnesota Constitution; (8) denial of religious freedom under the First and Fourteenth Amendments to the U.S. Constitution; (9) unreasonable restrictions on free speech and free association under the First Amendment to the U.S. Constitution and the Minnesota Constitution; (10) unreasonable searches and seizures in violation of the Fourth Amendment to the U.S. Constitution and the Minnesota Constitution; (11) violations of court-ordered treatment; (12) breach of contract; and (13) tortious

interference with contract and intentional violation of Minn. Stat. § 253B.03, subd. 7. *Karsjens* (ECF No. 635 ¶¶ 226–352) (hereinafter, "*Karsjens* TAC").

Central to these claims in Karsjens were the plaintiffs' allegations that the defendants in that matter, consisting of MSOP employees—many of whom are named here[1]—implemented policies and procedures resulting in illegal conditions of commitment. *Karsjens* TAC ¶ 1. As detailed further below, the factual claims in Karsjens advanced an omnibus challenge to MSOP practices similar to the challenge in this case.

On the plaintiffs' motion in *Karsjens*, the district court dismissed Counts 4, 11, 12, and 13 with prejudice on August 10, 2015. *Karsjens* (ECF No. 1005). The court granted the plaintiffs' claims for declaratory and injunctive relief on Counts 1 and 2, however*, see Karsjens* (ECF No. 966), and the defendants appealed that ruling. On appeal, the Eighth Circuit reversed the district court's decision, vacating the injunctive relief award, dismissing Counts 1 and 2, and remanding for further proceedings on the remaining claims. *Karsjens v. Piper*, 845 F.3d 394, 410-11 (8th Cir. 2017) ("*Karsjens I*"). On remand, the district court dismissed Counts 3, 5, 6, and 7 and granted summary judgment on Counts 8, 9, and 10. *Karsjens I* (ECF No. 1108). Plaintiffs appealed, and the Eighth Circuit reversed the dismissal of Counts 5, 6, and 7 and remanded the case for reconsideration under a different standard. *Karsjens v. Lourey*, 988 F.3d 1047, 1051 (8th Cir. 2021) ("*Karsjens II*"). The district court dismissed Counts 5, 6, and 7 under the new standard on February 23, 2022, *Karsjens* (ECF No. 1197). Plaintiffs appealed a second time, and the Eighth Circuit affirmed the dismissal on July 13, 2023, *Karsjens* (ECF No. 1213).

---

[1] The Karsjens defendants were Lucinda Jesson, Dennis Benson, Kevin Moser, Tom Lundquist, Nancy Johnston, Janine Hébert, and Ann Zimmerman. (Karsjens TAC.)

B.     Mr. Hatton's Amended Complaint

The Chief District Judge lifted the stay in this case on October 3, 2022 (ECF No. 32). In the time since, the Court severed co-plaintiffs Brandon Keith Benson and Arthur Dale Senty-Haugen from this action, leaving Mr. Hatton as the sole remaining Plaintiff (ECF Nos. 34, 54). The operative complaint in this matter is the Amended Complaint filed November 10, 2014 (ECF No. 10). It is 77 pages long, names 31 defendants in their individual and official capacities, and seeks declaratory and injunctive relief in addition to compensatory and punitive damages. (*See generally id.*) Mr. Hatton raises the following claims:

(1) Failure to provide treatment in violation of the Fourteenth Amendment to the U.S. Constitution and the Minnesota Constitution (ECF No. 10 ¶¶ 226–32);

(2) Failure to provide treatment in violation of the Minnesota Civil Commitment Treatment Act (*id.* ¶¶ 233–37);

(3) Denial of the right to be free from punishment in violation of the Fourteenth Amendment to the U.S. Constitution and the Minnesota Constitution (*id.* ¶¶ 238–55);

(4) Denial of less restrictive confinement alternatives in violation of the Fourteenth Amendment to the U.S. Constitution and the Minnesota Constitution (*id.* ¶¶ 256–63);

(5) Denial of the right to be free from inhumane treatment in violation of the Fourteenth Amendment to the U.S. Constitution and the Minnesota Constitution (*id.* ¶¶ 264–69);

(6) Denial of the right to religion and religious freedom in violation of the First and Fourteenth Amendments to the U.S. Constitution (*id.* ¶¶ 270–88);

(7) Unreasonable discrimination in violation of the Fourteenth Amendment (*id.* ¶¶ 289–99);

(8) Unreasonable restriction of free speech and free association in violation of the First Amendment to the U.S. Constitution and the Minnesota Constitution (*id.* ¶¶ 300–09);

4

(9) Unreasonable searches and seizures in violation of the Fourth Amendment to the U.S. Constitution and the Minnesota Constitution (*id.* ¶¶ 310–19);

(10) The MCTA, Minn. Stat. § 253D, is unconstitutional as-applied (*id.* ¶¶ 320–27);

(11) Violation of court ordered treatment (*id.* ¶¶ 328–33);

(12) Breach of contract (*id.* ¶¶ 334–42); and

(13) Tortious interference with contract and intentional violation of Minn. Stat. § 253D.03, subd. 7 (*id.* ¶¶ 343-350).

### C. Service of Process

Defense counsel has appeared and accepted service on behalf of all named Defendants in their official capacities (ECF No. 41). On January 1, 2023, the Court instructed Mr. Hatton to complete and return Marshal Service Forms (Form USM-285) for all individual capacity Defendants on or before March 13, 2023 and stated that the Court would likely dismiss any Defendants who remained unserved in their individual capacities (ECF No. 53). To date, the Court has not received any USM-285 forms from Mr. Hatton.

On May 12, 2023, defense counsel filed a Motion to Dismiss in lieu of an answer on behalf of all Defendants other than the Unrepresented Defendants (ECF Nos. 62, 64). Mr. Hatton has not filed a response opposing the motion.

## II. Analysis

### a. Motion to Dismiss

The moving Defendants seek to dismiss all of Mr. Hatton's claims, arguing that: they are barred by claim and/or issue preclusion; they fail to satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure; or they fail to state a claim for relief under Rule 12(b)(6)

of the Federal Rules of Civil Procedure. The Court finds each of Mr. Hatton's claims fails on one or more of these grounds.

### i. Claim Preclusion

Most of Mr. Hatton's claims are barred under the doctrine of *res judicata* or "claim preclusion." The principles of claim preclusion are well-settled:

> [W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

*Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948) (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876)). A court evaluating whether claim preclusion bars a particular claim must examine whether: (1) there is a final judgment on the merits in a previous cause of action; (2) the court that issued the judgment was a court "of competent jurisdiction"; (3) the parties are identical or privies to the parties in the previous litigation; and (4) the claim sought to be precluded either was actually litigated or is a claim that "might have been offered" in the previous litigation. *See id.*

The first three elements of claim preclusion clearly are satisfied here: (1) the *Karsjens* court dismissed the plaintiffs' claims with prejudice and on the merits, and that decision is final; (2) the district judge in *Karsjens* was a federal judge of this District and thus of competent jurisdiction to decide those claims, which arose under the United States Constitution or were properly considered under the court's supplemental jurisdiction, 28 U.S.C. § 1637; and (3) the parties are the same or in privity with the parties in *Karsjens*. As a civilly-committed MSOP detainee during the pendency of the *Karsjens* litigation, Mr. Hatton was a member of the plaintiffs' class in that action. *See Karsjens* (ECF No. 203). Moreover, the Defendants named in this lawsuit are the same individuals or alleged to have been acting as agents of the same governmental entity as the defendants named

in *Karsjens*. *See Jamison*, 11-cv-2136 (PAM/DTS), 2023 WL 2088302, at *2 (D. Minn. Feb. 17, 2023) (finding these elements satisfied under the same circumstances presented here); *Allan v. Jesson*, et al., No. 11-cv-1611 (ADM/LIB), (ECF No. 58) (D. Minn. Mar. 27, 2023) (same), *report and recommendation adopted*, (ECF No. 67).

The Court also finds that the fourth element is satisfied with respect to all claims other than Claim 7 (unreasonable discrimination in violation of the Fourteenth Amendment (ECF No. 10 ¶¶ 289–99)), because those claims are identical to or raise allegations that could have been raised in connection with the claims litigated in *Karsjens*. Specifically, the *Karsjens* plaintiffs previously raised and fully litigated the following claims:

- **Claim One**: Failure to provide treatment in violation of the Fourteenth Amendment and the Minnesota Constitution. *Compare* (ECF No. 10 ¶¶ 226–232) *with Karsjens* (TAC ¶¶ 254–61);

- **Claim Two**: Failure to provide treatment in violation of the Minnesota Civil Commitment and Treatment Act ("MCTA"). *Compare* (ECF No. 10 ¶¶ 233–37) with *Karsjens* (TAC ¶¶ 262–68);

- **Claim Three**: Denial of the right to be free from punishment in violation of the Fourteenth Amendment and the Minnesota Constitution. *Compare* (ECF No. 10 ¶¶ 238–55) *with Karsjens* (TAC ¶¶ 269–83);

- **Claim Four**: Denial of less restrictive alternatives to confinement in violation of the Fourteenth Amendment and the Minnesota Constitution. *Compare* (ECF No. 10 ¶¶ 256–63) *with Karsjens* (TAC ¶¶ 284–91);

- **Claim Five**: Denial of right to be free from inhumane treatment in violation of the Fourteenth Amendment and the Minnesota Constitution. *Compare* (ECF No. 10 ¶¶ 264–69) *with Karsjens* (TAC ¶¶ 292–97);

- **Claim Six**: Denial of the right to religion and religious freedom in violation of the First and Fourteenth Amendments. *Compare* (ECF No. 10 ¶¶ 270-88) *with Karsjens* (TAC ¶¶ 298–306);

- **Claim Eight**: Unreasonable restriction of free speech and free association in violation of the First Amendment and the Minnesota Constitution. *Compare* (ECF No. 10 ¶¶ 300-09) *with Karsjens* (TAC ¶¶ 307–15);

- **Claim Nine**: Unreasonable searches and seizures in violation of the Fourth Amendment and the Minnesota Constitution. *Compare* (ECF No. 10 ¶¶ 310–19) *with Karsjens* (TAC ¶¶ 316–325);

- **Claim Ten**: Minn. Stat. § 253D is unconstitutional as applied. *Compare* (ECF No. 10 ¶¶ 320–27) *with Karsjens* (TAC ¶¶ 234–53);

- **Claim Eleven**: Violation of court ordered treatment. *Compare* (ECF No. ¶¶ 328–33) *with Karsjens* (TAC ¶¶ 326–32);

- **Claim Twelve**: Breach of Contract. *Compare* (ECF No. 10 ¶¶ 334–42) *with Karsjens* (TAC ¶¶ 333–42); and

- **Claim Thirteen**: Tortious interference with contract and intentional violation of Minn. Stat. § 253D.03, subd. 7. *Compare* (ECF No. 10 ¶¶ 343–50) *with Karsjens* (TAC ¶¶ 343–52).

Because Mr. Hatton previously raised these claims as a member of the plaintiffs' class in *Karsjens*, the *Karsjens* court had jurisdiction over the claims, Defendants either were defendants

in *Karsjens* or were in privity with the *Karsjens* defendants when Mr. Hatton initiated this lawsuit, and there is a final judgment on the merits of the claims, Mr. Hatton is barred from prosecuting them further under the doctrine of claim preclusion. The Court accordingly recommends dismissing Claims 1–6 and 8–13 with prejudice. *See, e.g., Jamison*, 2023 WL 2088302, at *1-*2 (dismissing similar claims under the doctrine of claim preclusion).

### ii. Failure to State a Claim

The only novel claim Mr. Hatton brings is Claim 7, which asserts that Defendants subjected him to unreasonable discrimination in violation of the Fourteenth Amendment. Although this claim might survive *res judicata* because it does not appear in the *Karsjens* complaint, it fails under Rule 12(b)(6).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must assume all facts in the complaint to be true and construe all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, the Court need not accept as true conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

Although Claim 7 is captioned as a claim for relief for alleged discrimination under the Fourteenth Amendment (*see* ECF No. 10 at 64)*,* it raises a claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a (*see* ECF No. 10 ¶¶ 289-90). Mr. Hatton alleges Defendants jointly discriminated against him by preventing him and other Native American detainees from

9

making customary traditional regalia, and specifically denied him the right to a funeral visit when his traditional wife of 17 years died (ECF No. 10 ¶¶ 289–95). The statute on which he relies, 42 U.S.C. § 2000a, provides that "persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation ... without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). This statute only prohibits discrimination in public accommodations, which are defined as:

> establishment[s] which provide lodging to transient guests; facilities principally engaged in selling food for consumption on the premises; place[s] of exhibition or entertainment, such as theaters and sports arenas; and any other establishment holding itself out as serving patrons of a covered establishment which is also located within the premises of a covered establishment or within the premises of which is physically located any such covered establishment.

*Lovejoy v. Minnesota Dep't of Hum. Servs.*, 16-cv-2468 (JRT/LIB), 2017 WL 462015, at *9 (D. Minn. Jan. 3, 2017) (citing 42 U.S.C. § 2000a(b), internal quotations omitted), *report and recommendation adopted*, 2017 WL 455933 (D. Minn. Feb. 2, 2017). MSOP is not a facility that falls within this definition of public accommodation. *See e.g.*, *id.*; *Daywitt v. Minnesota Dep't of Hum. Servs.*, No. 17-cv-5574 (NEB/TNL), 2018 WL 8224922, at *9 (D. Minn. Dec. 14, 2018), *report and recommendation adopted as modified*, 17-cv-5574 (NEB/TNL), 2019 WL 1417451 (D. Minn. Mar. 29, 2019). Claim 7 thus fails to state a viable claim for relief and should be dismissed under Rule 12(b)(6).

### iii. Failure to Satisfy Rule 8(a)

Each of Mr. Hatton's claims also fail under Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) states that a complaint must include "a short plain statement of the claim showing the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a)(2) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court has held, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556. Although pro se complaints must be construed liberally, such complaints still must allege sufficient facts to state a claim as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

Rule 11(b) places additional requirements on pleadings filed both by "an attorney or unrepresented party." Fed. R. Civ. P. 11(b). Any party who files "a pleading, writing motion, or other paper … [with the Court] certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … [that] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *Id.* at 11(b)(3). Taken together, "[i]t is the plaintiffs' burden, under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily

resolve them." *Gurman v. Metro Hous. Dev. Auth.*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011).

For these reasons, "[t]his Court has repeatedly criticized the filing of 'kitchen-sink' or 'shotgun' complaints—complaints in which a plaintiff brings every conceivable claim against every conceivable defendant." *Id.* at 1153 (collecting cases). Such complaints shift "onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support." *Id.* Most problematic for plaintiffs filing 'kitchen-sink' complaints is that it becomes nearly impossible for the Court to discern whether the plaintiff states a viable claim for relief because the allegations become "wreathed in a halo of frivolous and near-frivolous legal claims. The bad obscures the good." *Id.* at 1154.

Mr. Hatton's Amended Complaint is a shotgun-style complaint that largely asserts all claims against all Defendants, without articulating with specificity what, exactly, each Defendant is alleged to have done or failed to do to violate his rights. This approach makes it nearly impossible to ascertain what facts Mr. Hatton asserts in support of any given claim against any particular Defendant, and thus fails to provide Defendants with proper notice of the allegations against them. It is not a "short and plain statement" as Rule 8(a) requires. This failure is an additional basis for dismissal.

      **b. The Unrepresented Defendants**

On January 6, 2023, the Court provided Mr. Hatton USM-285 forms and ordered him to return the forms to the Court for the U.S. Marshals Service to effectuate service on his behalf (ECF No. 53). The Court's Order instructed that if "Mr. Hatton fails to file proof of service as to any individual defendant in his personal capacity by March 13, 2023, the Court will likely dismiss that defendant in his or her personal capacity for failure to prosecute. (*Id.* at 2.) Mr. Hatton has not returned USM-285 forms for any Defendant, and no attorney has entered an appearance on behalf

of Defendants Yvette Anderson, Angie Ottum, Gene Anderson, Brandon Tatum or Troy Basaraba in their individual capacities. (ECF No. 61). Counsel for the represented Defendants further states that Mr. Basaraba is deceased. The Court recommends dismissal of all Unrepresented Defendants for failure to prosecute on these grounds.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. All claims against Defendants Lucinda Jesson, Nancy Johnston, Dennis Benson, Kevin Moser, Scott Benoit, Terry Kneisel, Ann Linkert (formerly Ann Zimmerman), Steve Sayovitz, Juliana Beavens, Kevin Carlson, Ken Stewart, Rob Rose, Brian S. Ninneman, Sue Johnson, Sara Kulas, Jannine Hébert, Peter Puffer, Janel Lindgren, Thane Murphy, Allison Collins, Laurie Severson, Kent Johanson, Gemma Watson, Nicole Kielty (formerly Nicole (Nicki) Marvel), Troy Swartout, and Darien Menten, *in their individual and official capacities* be **DISMISSED WITH PREJUDICE**;

2. All claims against Defendants Yvette Anderson, Angie Ottum, Gene Anderson, Brandon Tatum and Troy Basraba *in their official capacities* be **DISMISSED WITH PREJUDICE**;

3. All claims against Defendants Yvette Anderson, Angie Ottum, Gene Anderson, Brandon Tatum and Troy Basraba *in their individual capacities* be **DISMISSED WITHOUT PREJUDICE**; and

4. Defendants' Motion to Dismiss (ECF No. [62]) be **GRANTED** in its entirety.

Dated: November 27, 2023          *s/ Dulce J. Foster*
                                  Dulce J. Foster
                                  United States Magistrate Judge


### **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).